ST. JOSEPH BANK AND TRUST COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
St. Joseph Bank & Trust Co. v. Commissioner
Docket No. 641-72.
United States Tax Court
T.C. Memo 1975-182; 1975 Tax Ct. Memo LEXIS 191; 34 T.C.M. (CCH) 786; T.C.M. (RIA) 750182; June 10, 1975, Filed Charles M. Boynton and Donald E. Esmont, for the petitioner. Thomas J. Meyer, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the taxable year ended December 31, 1965, in the amount of $12,830. The sole issue presented for our decision is whether certain amendments to a pension trust *192 adopted after the 15th day of the third month following the close of the taxable year 1965, but made retroactive to said year, qualified the pension trust under section 401 of the Internal Revenue Code of 1954. [1] If so, petitioner would be entitled to a deduction for contributions made to the pension trust during the taxable year. If not, no deduction would be allowed. FINDINGS OF FACT Certain facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner, St. Joseph Bank and Trust Company, is a banking institution duly organized and existing under the laws of the State of Indiana. At all times relevant here petitioner's principal place of business was in South Bend, Indiana. For the taxable year ended December 31, 1965, petitioner filed a Federal income tax return with the district director of internal revenue at Indianapolis, Indiana. On January 19, 1965, the board of directors of petitioner authorized changing the existing pension *193 plan maintained for its employees (known as the Travelers Insurance Plan) to a funded insurance pension plan with the Lincoln National Life Insurance Company of Fort Wayne, Indiana (Lincoln). On March 31, 1965, petitioner paid Lincoln the sum of $1,000 on the funded insurance pension plan which was entitled "St. Joseph Bank and Trust Company Pension Trust," and will hereinafter be referred to as the pension trust. [2] By the terms of the pension trust its effective date was April 1, 1965. On June 21, 1965, petitioner paid to Lincoln the sum of $33,686.75 as a contribution to the pension trust. This amount covered the period from April 1, 1965, to March 31, 1966. Thereafter, petitioner terminated the Travelers Insurance Plan which had previously been in operation. The effective date of the termination was retroactive to March 31, 1965. By a letter dated November 16, 1965, a representative of Lincoln attempted to obtain a determination letter from respondent as to the *194 qualification of the pension trust under section 401. The request was placed under the authority of the Pension Trust Division of the Internal Revenue Service's offices at Indianapolis. From this point in time to March 18, 1966, petitioner, through its officers and counsel, remained in contact with respondent as to the qualification of the pension trust. On March 18, 1966, a conference was held with representatives of the Pension Trust Division of respondent and certain representatives of petitioner. Respondent raised several questions with reference to the integration of the pension trust with Social Security. [3] It was agreed by both parties that the pension trust would have to be amended in certain regards if it were to qualify under section 401. On April 12, 1966, petitioner's board of directors authorized that the pension trust be formalized by "completed and corrected writings," and adopted three amendments necessary for the pension trust to qualify under section 401. Said amendments were made retroactive to April 1, 1965. As late as July of 1966 respondent had not issued a determination letter as to the qualification of the pension *195 trust. By letter dated July 12, 1966, petitioner requested the withdrawal of the pension trust. This action was taken in response to a request by respondent that the pension trust be withdrawn due essentially to the passage of time. On July 14, 1966, respondent closed the case file in the Pension Trust Division without the issuance of a determination letter. Thereafter, a second pension plan (hereinafter referred to as the second plan), virtually identical to the original pension trust as amended, was submitted to respondent for a determination as to its qualification under section 401. On August 9, 1966, petitioner's board of directors authorized several amendments, one of which changed the effective date of the second plan from April 1, 1965 to April 1, 1966. On August 18, 1966, respondent issued a favorable determination letter regarding the second plan as amended. On its income tax return for the taxable year 1965, petitioner claimed a deduction of $28,137, representing petitioner's share of contributions made to the pension trust during said year. By statutory notice dated November 4, 1971, respondent disallowed the above deduction. OPINION It has been stipulated and *196 we so hold that certain amendments to the pension trust made by petitioner's board of directors on April 12, 1966, and expressly made retroactive to April 1, 1965, were essential for the pension trust to be qualified under section 401(a). The sole issue for our determination is whether section 401(b) precludes the aforesaid amendments from qualifying the pension trust for the taxable year 1965. Our recent opinion in Aero Rental, 64 T.C. (May 29, 1975) has rendered this issue moot. Without finding need to rehearse the reasoning behind our opinion above, we hold for the petitioner. Decision will be entered for the petitioner.
Footnotes
1. All section references are to the provisions of the Internal Revenue Code of 1954 in effect during the taxable year in issue.↩
2. The parties to the trust were the St. Joseph Bank and Trust Company, South Bend, Indiana, as employer, and the St. Joseph Bank and Trust Company, South Bend, Indiana, as trustee in its fiduciary capacity.↩
3. See sec. 401(a)(4) and (5)↩.